# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JAMES ALLEN REYNOLDS,

    Petitioner,

v.                                                    CASE NO:  8:06-CV-654-T-30MSS
                                                         Crim. Case No: 8:03-CR-126-T-30MSS

UNITED STATES OF AMERICA,

    Respondent.

_____/

# **ORDER**

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on April 10, 2006.  The Court has undertaken a preliminary review of the motion and the prior proceedings in the underlying criminal case[1] as required by Rule 4 of the Rules Governing §2255 Proceedings for the United States District Courts.  After doing so, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is entitled to no relief.  Consequently, the Court needs no response from Respondent.

---

[1] See case number 8:03-cr-126-T-30MSS and Eleventh Circuit Court of Appeals case number 03-cv-16271.

## Background

Petitioner, James Allen Reynolds (hereinafter referred to as "Reynolds" or "Petitioner") has timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. Petitioner was sentenced on November 26, 2003, after having executed a written agreement pleading guilty to possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A)(iii). Judgment was entered on December 2, 2003, and Petitioner filed a notice of appeal to the Eleventh Circuit Court of Appeal on December 5, 2003. The Eleventh Circuit affirmed March 28, 2005.

Petitioner raises two grounds in support of his motion to vacate, to wit:

**Ground One:** Whether the Petitioner's conviction and sentence are constitutionally invalid in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 216 (2004).

**Ground Two:** Whether the district court lacked jurisdiction to impose an enhanced sentence when the facts used to enhance it were not stated in the indictment nor admitted by the defendant in his guilty plea.

Both of these grounds raise what is commonly referred to as a Blakely[2]/Booker[3] argument or, sometimes, an Apprendi[4]/Blakely/Booker argument. In support of both grounds, Petitioner argues that his sentence was enhanced by facts that were neither found by a jury nor admitted by him either in his plea agreement or at sentencing. He contends that

---

[2] Blakely v. Washington, 542 U.S. 296 (2004).

[3] United States v. Booker, 543 U.S. 220 (2005).

[4] Apprendi v. New Jersey, 530 U.S. 224 (2000).

such a sentence violates the holdings in Apprendi, Blakely, and Booker. But these arguments fail because Petitioner has waived his right to attack his sentence on these grounds.

Petitioner raised these same arguments in his direct appeal to the Eleventh Circuit. The Eleventh Circuit rejected the arguments because they had been waived pursuant to the waiver provision in Petitioner's plea agreement. In paragraph B.5 of his written plea agreement (Dkt. #28), Reynolds agreed:

> 5.   Appeal of Sentence: Waiver
>
> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. §3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. §3742(a).

The Eleventh Circuit has held that an appeal waiver with language identical to that agreed to by Reynolds was broad enough to include an Apprendi/Blakely/Booker claim. Further, it found that none of the listed exceptions to the waiver applied. See United States v. Grinard-Henry, 399 F.3d 1294 (11th Cir. 2005) *cert. denied*, 544 U.S. 1041 (2005). The Eleventh Circuit explained how this applied to Reynolds:

Here, Reynolds' sentence appeal waiver was knowingly and voluntarily made, and therefore, it is enforceable. During his plea colloquy, the district court specifically questioned Reynolds regarding the waiver of his right to appeal, and he indicated he understood the consequences of the waiver. *See Benitez-Zapata*, 131 F.3d at 1446. We conclude none of the exceptions to Reynolds' waiver apply in this case. There was no upward departure in this case, and Reynolds' sentence of 330 months' imprisonment is not "above the statutory maximum," which in this case is life imprisonment. *See Grinard-Henry*, at 4; 21 U.S.C. § 841(b)(1)(A). Moreover, all of Reynolds' challenges to his sentence "directly involve[] the application of the sentencing guidelines" and therefore, do not fall within the exception to Reynolds' appeal waiver for "a sentence in violation of the law apart from the sentencing guidelines." *See Grinard-Henry*, at 5-6. Accordingly, we enforce the valid appeal waiver.

A defendant's waiver of the right to appeal "directly or collaterally" includes both a direct appeal and a collateral attack in a §2255 proceeding. See Williams v. United States, 396 F.3d 1340 (11th Cir. 2005), Reh. and Reh. en Banc denied, 143 Fed. Appx. 311 (11th Cir. 2005), *cert. denied*, ____ U.S. ____, 126 S.Ct. 246 (2005), Reh. denied ____ U.S. ____, 126 S.Ct. 1125 (2006). Since Petitioner's appeal waiver includes Apprendi/Blakely/Booker grounds and applies to §2255 proceedings as well as direct appeals, the grounds raised by him in this §2255 proceeding have been waived and will therefore be denied.

It is therefore ORDERED AND ADJUDGED that:

1.      Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2.      The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3.      The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#48, in the underlying criminal case, case number 8:03-cr-126-T-30MSS.

**DONE** and **ORDERED** in Tampa, Florida on June 15, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2006\06-cv-654.deny 2255.wpd